IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JAMES K. HEWITT,

 Petitioner,

v.            CIVIL ACTION NO.: CV614-036

MARTY ALLEN,

 Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner James Hewitt ("Hewitt"), who is currently incarcerated at Valdosta State Prison in Valdosta, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his convictions obtained in the Superior Court of Toombs County, Georgia. Respondent filed an Answer-Response and a Motion to Dismiss. Hewitt filed a Response. For the reasons which follow, Respondent's Motion should be **GRANTED**, and Hewitt's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Hewitt was convicted in the Toombs County Superior Court of robbery after he pled guilty to that offense on March 27, 2008. Hewitt was sentenced to 15 years' imprisonment. The Judgment was filed with the Toombs County Superior Court Clerk's Office on March 28, 2008. (Doc. No. 15-5). Hewitt did not file a direct appeal.

Hewitt filed an application for writ of habeas corpus in the Lowndes County Superior Court on June 1, 2009. (Doc. No. 15-1). The Lowndes County Superior Court

denied Hewitt's application by order dated May 30, 2013. (Doc. No. 15-2). Hewitt filed a motion for certificate of probable cause to appeal the denial of his requested habeas relief with the Georgia Supreme Court, which denied Hewitt's motion on November 4, 2013. (Doc. No. 15-3). The Georgia Supreme Court also denied Hewitt's motion for reconsideration on December 11, 2013. (Doc. No. 15-4).

In this petition, which was executed on March 18, 2014, Hewitt asserts he has been denied equal protection because the state will not allow him to return to federal custody to serve his concurrent sentence. Hewitt also asserts that his right to due process has been denied for the same reason. Hewitt contends that his plea agreement was not entered into voluntarily because the state cannot force the federal government to accept his concurrent state sentence. Respondent contends that Hewitt's petition was filed untimely and should be dismissed.

## DISCUSSION AND CITATION TO AUTHORITY

A prisoner must file a petition for writ of habeas corpus in federal court within one (1) year. 28 U.S.C. § 2244(d)(1). This statute of limitations period shall run from the latest of four possible dates:

The limitation period shall run from the latest of—

> (A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly

> recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Hewitt's conviction became final at the time of his completion of the direct review process or when the time for seeking such review became final. 28 U.S.C. § 2244(d)(1)(A); Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). Hewitt was sentenced in the Toombs County Superior Court on March 28, 2008, and he did not file a direct appeal. Hewitt had a period of thirty (30) days to file a notice of appeal. O.C.G.A. § 5-6-38(a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of[.]"). Thus, his conviction became final on or about April 28, 2008, as April 27, 2008, was a Sunday. Because Hewitt's conviction became final on April 28, 2008, he had one year from that date in which to file a timely federal habeas petition. 28 U.S.C. § 2244(d)(1).

The applicable statute of limitations is tolled during "[t]he time . . . which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); Taylor v. Williams, 528 F.3d 847, 849 (11th Cir. 2008). "[A]n application is pending as long as the ordinary state collateral review process is in continuance- i.e., until the completion of that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains pending." Carey v. Saffold, 536 U.S. 214, 219-20 (2002) (internal citations omitted). A petitioner should be mindful that "once a deadline has expired, there is nothing left to toll. A state court filing

3

after the federal habeas deadline does not revive" the statute of limitations period applicable to section 2254 petitions. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004); see also Alexander v. Sec'y, Dep't of Corr., 523 F.3d 1291, 1294 (11th Cir. 2008) (a state court motion for post-conviction relief cannot toll the federal limitations period if that period has already expired).

Hewitt's conviction became final on April 28, 2008, and he filed a state habeas corpus petition on June 1, 2009. (Doc. No. 15-1). By that time, the statute of limitations period applicable to section 2254 petitions had expired, and there was no time remaining in that limitations period to toll. Hewitt's petition, which was executed on March 18, 2014, was untimely filed.

The undersigned notes Hewitt's assertion that his section 2254 petition was timely filed because he filed a notice of intent to file a habeas petition on March 18, 2014, after he exhausted his state court remedies. However, the relevant time period for determining whether Hewitt's petition was timely filed had already expired by the time Hewitt began the exhaustion process in the state courts on June 1, 2009.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Hewitt's petition for writ of habeas corpus be **DISMISSED**, with prejudice, as it was not timely filed.

SO **REPORTED** and **RECOMMENDED**, this 2nd day of July, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)